IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES CLEVELAND NOWDEN, §
aka CHARLES CLEVELAND,[1] §
　§
　　　　Petitioner, §
　§
v. § No. 4:17-CV-245-A
　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　§
　　　　Respondent. §

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Charles Cleveland Nowden, aka Charles Cleveland, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the petition, the state court records filed in petitioner's first federal habeas action, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

---

[1] Petitioner filed his first habeas-corpus petition in case number 4:14-CV-462-A under the name of Charles Cleveland and his second petition in case number 4:17-CV-187-O under the name of Charles Cleveland Nowden.

## I.  Factual and Procedural History

Petitioner is serving an eighty-year sentence on his 2011 conviction in the 297th District Court of Tarrant County, Texas, for forgery by possession with intent to pass a forged writing, money. This is petitioner's third federal habeas-corpus petition under § 2254 challenging the 2011 conviction filed in this court. *See Cleveland v. Davis,* Case No. 4:14-CV-462-A & *Nowden v. Davis,* Case No. 17-CV-187-O. Petitioner raises eleven grounds for relief from his conviction, including claims raised in his original petition as well as new substantive claims based on alleged newly discovered evidence.[2] As such, the petition is a successive petition for purposes of § 2244(b)(2).

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a petitioner may file a successive application for federal habeas relief under § 2254. *See* 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly

---

[2]Petitioner's successive petition in case number 4:17-CV-187-O, which remains pending in the Fifth Circuit, raises the same claims petitioner raises in the instant motion.

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *Id.* § 2244(b)(2). Additionally, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the petition makes the requisite prima facie showing. *Id.* § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *See Crone v. Cockrell,* 324 F.3d 833, 836 (5th Cir. 2003).

Petitioner has not received authorization from the Fifth Circuit permitting this court to consider the petition. Accordingly, until such time as petitioner obtains this authorization, this court is without jurisdiction to proceed. *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition be, and is hereby, dismissed without prejudice as an unauthorized successive § 2254 petition. The court further ORDERS that a certificate of

appealability be, and is hereby, denied, as petitioner has not made a substantial showing that he was denied a constitutional right and that reasonable jurists would question this court's procedural ruling.

Finally, it is ORDERED that due to petitioner's profuse and frivolous filings, which have taken up a disproportionate amount of the court's time and resources, petitioner is **BARRED** from filing any future pleadings, including new actions, or motions (however they are styled) challenging his 2011 Tarrant County conviction in this court without leave of court or authorization from the United States Court of Appeals for the Fifth Circuit.

SIGNED March 23, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE